UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MCGILL,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No. 24-cv-01084-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 12 |

Before the Court is Defendant HERC Rentals, Inc.'s ("HERC") motion to dismiss Plaintiff Erica McGill's complaint. ECF No. 12. The Court will grant the motion in part and deny it in part.

I.     **BACKGROUND**[1]

Plaintiff is an employee of Sonoma Raceway in Sonoma County, California. ECF No. 1-2 ¶ 8. As part of her duties, she operates an assigned vehicle "to patrol and/or drive around" the raceway. *Id.* Plaintiff was assigned to a Ford F-150 vehicle ("the subject vehicle") that Sonoma Raceway rented from Defendant HERC Rentals, Inc., a Florida-based corporation. *Id.* ¶¶ 4, 7.

At the raceway on June 12, 2023, McGill placed the subject vehicle in park, exited the vehicle, and walked behind it. *Id.* ¶ 9. The subject vehicle then moved in reverse "on its own" and "r[a]n over Plaintiff's body." *Id.* Plaintiff alleges that this failure of the "park" gear is a "known recall defect." *Id.* She suffered physical and psychological injuries and trauma from the incident. *Id.* ¶ 10.

On November 21, 2023, Plaintiff filed this action in Sonoma County Superior Court

---

[1] For the purpose of resolving HERC's motion to dismiss, the Court accepts as true the allegations in the complaint, ECF No. 1-2. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

alleging negligent product liability, strict product liability, breach of express and implied warranties, and negligence against Ford Motor Company ("Ford") and HERC. *Id.* ¶¶ 11–43. Ford answered the complaint on February 20, 2024, ECF No. 1-3, and removed the action to federal court based on diversity jurisdiction on February 22, 2024. ECF No. 1.

On March 11, 2024, HERC moved to dismiss the complaint for failure to state a claim. ECF No. 12. Plaintiff filed her response on March 25, 2024, ECF No. 14, and HERC filed a reply on April 24, 2024, ECF No. 18.

## II. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a).

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While this standard is not "akin to a 'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel*, 393 F.3d at 1072.

2

## IV. DISCUSSION

### A. The Graves Amendment

HERC argues that Plaintiff's claim is barred by the Graves Amendment, which provides that an owner of a motor vehicle who rents or leases the vehicle to another:

> shall not be liable under the law of any State . . . , by reason of being the owner of the vehicle . . . , for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if:
>
> (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner . . . .

49 U.S.C. § 30106(a). Plaintiff responds that the Graves Amendment does not apply because her claims are based on HERC's independent negligence. ECF No. 14 at 3–7.

With respect to Plaintiff's negligence claims, HERC faces liability "only if (1) [it is] engaged in the trade or business o[f] renting motor vehicles and (2) [it was] independently negligent." *Keiper v. Victor Valley Transit Auth.*, No. EDCV15703JGBSPX, 2019 WL 6703395, at *5 (C.D. Cal. July 30, 2019) (citing *id.*); *see also Berkan v. Penske Truck Leasing Canada, Inc.*, 535 F. Supp. 2d 341, 344–45 (W.D.N.Y. 2008). The parties agree that HERC is in the business of renting motor vehicles. *See* ECF Nos. 1-2 ¶ 4, 12 at 3–4. Accordingly, only its independent negligence is at issue. *See Keiper*, 2019 WL 6703395, at *5.

Plaintiff's claim for strict liability raises a more complicated question. Although strict liability does not require independent negligence on HERC's part, *see Brown v. Superior Court*, 44 Cal. 3d 1049, 1056 (1988), neither is it a vicarious liability theory that the Graves Amendment would clearly preclude. The district court in *Schalalbeo v. Damco Distribution Servs., Inc.*, 657 F. Supp. 3d 687, 693–94 (E.D. Pa. 2023), confronted the same issue and concluded that Congress did not intend the Graves Amendment to preempt the strict liability claims in that case. The court explained that Representative Sam Graves, who sponsored the amendment, stated that rental companies "should be liable for . . . their negligence or *for their equipment*, but they should not be liable for the action of their drivers." *Schalalbeo*, 657 F. Supp. 3d at 693 (emphasis in original)

3

(quoting 151 Cong. Rec. H1034-01, *H1202, 2005 WL 556038 (Mar. 9, 2005)). The *Schalalbeo* court viewed strict liability as "liability [based] on the [defendants'] placement of an alleged defective and dangerous chassis in the stream of commerce," thus distinguishing it from liability based "solely on ownership in the chassis." *Id.* This Court finds the reasoning in *Schalalbeo* to be persuasive and well-suited to California's strict liability doctrine, which is discussed in detail below. Because Plaintiff's strict liability claims are not based on vicarious liability or on HERC's mere ownership of the allegedly defective vehicle, the Graves Amendment does not bar them.

The Graves Amendment posing no obstacle, the parties' only dispute is whether Plaintiff has pleaded her claims with the specificity required in federal court. *See* ECF No. 18 at 2–3 (arguing that "the allegations made by Plaintiff in her Complaint against Herc are all conclusory"). The Court finds that, with one exception, she has not.

### B.     Plaintiff's Claims

At the outset, the Court notes that Plaintiff's four causes of action largely consist of legal conclusions. "'[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Gerstle v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2017 WL 2797810, at *3 (N.D. Cal. June 28, 2017) (quoting *Iqbal*, 556 U.S. at 678). "To be entitled to the presumption of truth, a complaint 'must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)); *see also Eidson v. Medtronic, Inc.* 981 F. Supp. 2d 868, 876 (N.D. Cal. 2013) (explaining that the court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations" (internal quotations omitted)). With these principles in mind, the Court examines each of Plaintiff's claims.

#### 1.     Negligence—Products Liability

Plaintiff's first cause of action is for "Negligence—Products Liability." ECF No. 1-2 at ¶¶ 11–21. "Products liability is the name currently given to the area of the law involving the liability of those who supply goods or products for the use of others to purchasers, users, and bystanders for losses of various kinds resulting from so-called defects in those products." *Johnson*

4

*v. U.S. Steel Corp.*, 240 Cal. App. 4th 22, 30 (2015) (internal quotation marks and citation omitted). To plead a claim for negligence—products liability against HERC, Plaintiff must allege (1) that HERC designed, manufactured, supplied, installed, inspected, repaired, or rented the product in question; (2) that HERC was negligent in designing, manufacturing, supplying, installing, inspecting, repairing, or renting the product; (3) that Plaintiff was harmed; and (4) that HERC's negligence was a substantial factor in causing her harm. Judicial Council of California Civil Jury Instructions (2024 edition), CACI 1220.

In support of this claim, Plaintiff alleges that HERC rented out the subject vehicle despite knowing that it was either defective or damaged (possibly by HERC itself), but she pleads no facts to support the allegation that HERC knew of the damage or defects. *See, e.g.*, *id.* at ¶¶ 13–15, 19–20, 26, 35, 42; *see also id.* at ¶ 9 (describing the alleged defect as a "known recall defect"). Alternatively, she alleges that HERC failed to properly inspect the vehicle to learn about the defect, again neglecting to offer factual support. *See, e.g.*, ¶¶ 13–14. These allegations, taken as true, fail to allege sufficient facts to show that Defendant breached its duty of care. *See Barna v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00496-GMN, 2013 WL 1182087, at *4 (D. Nev. Mar. 20, 2013) (holding that a plaintiff did not "allege sufficient factual support to establish that [d]efendants breached [their] duty" where the complaint merely allege[d] that this 'duty' was breached when Defendants failed to 'properly perform their functions in a competent and workmanlike fashion'" because that "conclusory statement fail[ed] to lift [p]laintiff's allegations above the possible into the probable" or "to give [d]efendants fair notice of [the] claim and the grounds on which it rests") (citation omitted)).

### 2.  **Strict Products Liability**

Second, Plaintiff asserts that HERC is strictly liable for the alleged product defect. ECF No. 1-2 ¶¶ 22–30. Under California's stream-of-commerce doctrine, "strict liability applies 'downward through the various links in the marketing chain from manufacturer to distributor, to retailer, and so forth.'" *McCarty v. Johnson & Johnson*, No. 1:10-CV-00350, 2010 WL 2629913, at *3 (E.D. Cal. June 29, 2010) (quoting *Kasel v. Remington Arms Co., Inc.*, 24 Cal. App. 3d 711, 724 (1972)). California courts have applied this doctrine to a wide range of entities "involved in

5

the vertical distribution of consumer goods, including lessors of personal property, developers of mass-produced homes, wholesale and retail distributors, and licensors." *Id.* (quoting *Bay Summit Community Ass'n v. Shell Oil Co.*, 51 Cal. App. 4th 762, 773 (1996)). "[T]ransfer of title is not a necessary component of 'distribution' under the stream of commerce theory." *McCarty*, 2010 WL 2629913, at *6.

Plaintiff alleges that HERC rented the vehicle to her employer, thereby "distribut[ing]" the truck and placing it "into the stream of commerce." *See* ECF No. 1-2 ¶¶ 4, 7 (alleging that HERC rented the truck to Plaintiff's employer); *id.* ¶ 23 (alleging that HERC "distributed" the truck); *id.* ¶¶ 13, 40 (alleging that HERC placed the truck "into the stream of commerce"). HERC does not dispute that it rented the subject vehicle to Plaintiff's employer. *See* ECF No. 12 at 4–5. The Court finds that Plaintiff has sufficiently pleaded that HERC "participated in the distribution chain" such that it may be subject to strict liability under the stream-of-commerce doctrine. *Loomis v. Amazon.com LLC*, 63 Cal. App. 5th 466, 485 (2021); *see also Bolger v. Amazon.com, LLC*, 53 Cal. App. 5th 431, 438 (2020) ("Whatever term we use to describe [the defendant's] role, be it 'retailer,' 'distributor,' or merely 'facilitator,' it was pivotal in bringing the product here to the consumer."); *Bay Summit Cmty. Assn.*, 51 Cal. App. 4th at 773 (describing California courts' broad and practical approach to applying the stream-of-commerce doctrine).

Strict products liability may be premised upon design defect, manufacturing defect, or failure to warn. *See Saller v. Crown Cork & Seal Co., Inc.*, 187 Cal. App. 4th 1220, 1231–38 (2010). Plaintiff does not clearly delineate the theory on which she is proceeding, but her allegations suggest that she asserts all three.[2] The Court examines each possible claim in turn.

### a. Manufacturing Defect

Under California law, "[t]o state a claim under strict liability theory for a manufacturing defect, a plaintiff must allege the following elements: '(1) he has been injured by the product; (2) the injury occurred because the product was defective; and (3) the defect existed when the product

---

[2] In any future amended pleading, Plaintiff shall plead each individual strict liability theory she asserts as a separate cause of action and label it accordingly. *See Samaniego v. Specialized Loan Servicing, LLC*, No. 12CV00671BENKSC, 2013 WL 12415765, at *2 (S.D. Cal. Apr. 11, 2013) (explaining that Fed. R. Civ. P. 8 requires plaintiff to include separate causes of action).

1    left the hands of the defendant.'" *Smith v. Medtronic, Inc.*, No. 22-CV-09179-JSW, 2023 WL
2    4849432, at *3 (N.D. Cal. July 28, 2023) (quoting *Nichols v. Covidien LP*, No. 20-cv-06836-
3    EMC, 2021 WL 764134, at *3 (N.D. Cal. Feb. 26, 2021) (citations omitted)).  To survive a motion
4    to dismiss for failure to state a claim, a plaintiff alleging a manufacturing defect must
5    "*identify/explain* how the [product] either deviated from [defendant's] intended result/design or
6    how the [product] deviated from other seemingly identical [product] models." *Trabakoolas v.*
7    *Watts Water Techs.*, Inc., No. 12-CV-01172-YGR, 2012 WL 2792441, at *4 (N.D. Cal. July 9,
8    2012) (emphasis and alterations in original) (quoting *Lucas v. City of Visalia*, 726 F. Supp. 2d
9    1149, 1155 (E.D. Cal. 2010) (citing *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 429 (1978))).  "A
10   bare allegation that the [product] had 'a manufacturing defect' is an insufficient legal conclusion."
11   *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*,
12   754 F. Supp. 2d 1208, 1222 (C.D. Cal. 2010) (alteration in original) (citing *Barker*, 20 Cal.3d at
13   429)).

14         Plaintiff alleges (1) that she was injured; (2) that the injury occurred because the truck was
15   defective; and (3) that the defect existed when HERC rented out the truck. *See, e.g.*, ECF No. 1-2
16   ¶¶ 9–10, 13, 20, 24, 29, 33, 37, 42.  The complaint, however, falls short of identifying or
17   explaining the defect in the truck.  Plaintiff's descriptions of the alleged defect are vague and
18   inconsistent. *See, e.g.*, *id.* ¶ 18 (describing the alleged defect as "an inherent risk of failing to
19   disengage on the reverse gear"); *id.* ¶ 19 ( "a risk that the [subject vehicle] would fail to operate");
20   *id.* ¶ 23 ("design and/or manufacturing defects and/or damage including but not limited to failing
21   to disengage the reverse gear"); *id.* ¶ 26 (the subject vehicle "would fail to disengage the reverse
22   gear and/or engage in the park gear"); *id.* ¶ 33 (the subject vehicle was "prone to failing to engage
23   in the park gear").  These varying descriptions do not convey a coherent theory of the alleged
24   defect.  The Court finds that Plaintiff has failed to plead this theory of relief.

            **b.**     **Design Defect**

26         "'A manufacturer may be held strictly liable for placing a defective product on the market
27   if the plaintiff's injury results from a reasonably foreseeable use of the product.'" *Pooshs v. Philip*
28   *Morris USA, Inc.*, 904 F. Supp. 2d 1009, 1024 (N.D. Cal. 2012) (quoting *Saller*, 187 Cal. App. 4th

7

at 1231). "California law recognizes two tests for establishing a design defect under product liability law: the 'consumer expectations test' and the 'risk-benefit test.'" *Reynolds v. EzriCare LLC*, No. 3:23-CV-01632-JSC, 2023 WL 7166816, at *6 (N.D. Cal. Oct. 30, 2023) (citing *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 418 (1978)). Plaintiff pleads no facts that permit the Court to assess her claim under the risk-benefit test; that is, whether the risks of the alleged defect outweigh the truck's benefits. However, her complaint sufficiently alleges a design defect under the consumer expectations test. She pleads that she was operating the subject vehicle in a "reasonably foreseeable" manner when she shifted into the park gear and then exited the vehicle, ECF No. 1-2 ¶¶ 9, 23–25, but that, contrary to expectations, it moved in reverse on its own and ran over her body, *see, e.g.*, *id.* ¶¶ 9–10, 24–27. Taken as true, these allegations state a claim for strict liability due to a design defect. *See Reynolds*, 2023 WL 7166816, at *6.

        **c.**  **Failure to Warn**

Failure to warn is "a species of design defect products liability." *Saller*, 187 Cal. App. 4th at 1238 (citing *Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal. 3d 987, 994–95 (1991)). Under this theory, "a product, although faultlessly made, may nevertheless be deemed 'defective' under the rule and subject the supplier thereof to strict liability if it is unreasonably dangerous to place the product in the hands of a user without a suitable warning and the product is supplied and no warning is given." *Canifax v. Hercules Powder Co.* 237 Cal. App. 2d 44, 53 (1965).

"The duty to warn requires that the manufacturer knows, or should have known, of the danger of the product at the time it is sold or distributed." *Saller*, 187 Cal. App. 4th at 1239 (citing *Brown*, 44 Cal.3d at 1065–66; *Anderson*, 53 Cal.3d at 1000). The plaintiff must sufficiently allege that the defendant "did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of the manufacture and distribution . . . ." *Anderson*, 53 Cal.3d at 1002–03 (footnote omitted).

As discussed above in the context of Plaintiff's claim for negligence—products liability, Plaintiff has not pleaded facts supporting her conclusory allegations that HERC knew or should have known about the existence of the alleged defect when it rented out the truck. Accordingly,

she fails to state a claim for strict liability failure to warn.

### 3. Breach of Express and Implied Warranties

Plaintiff next claims that HERC breached express and implied warranties[3] by renting the subject vehicle. ECF No. 1-2 ¶¶ 31–38.

#### a. Express Warranty

"To prevail on a theory of breach of express warranty, Plaintiff must prove that (1) [defendant] 'made affirmations of fact or promises' that (2) 'became part of the basis of the bargain.'" *Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747, 756 (N.D. Cal. 2021) (quoting *Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997) (citing *Pisano v. American Leasing*, 146 Cal. App. 3d 194, 197–98 (1983); Cal. Com. Code § 2313)). "To establish the existence of an express warranty, a plaintiff must point to "a specific and unequivocal written statement." *Watkins*, 574 F. Supp. 3d at 756 (citing *Maneely*, 108 F.3d at 1181).

Plaintiff fails to state a claim for breach of express warranty because she does not allege that HERC made any statements about the subject vehicle.

#### b. Implied Warranty

California requires vertical privity for breach of implied warranty claims. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). Some courts, however, have recognized an exception to this requirement for third-party beneficiaries of a contract. *See, e.g.*, *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 922 (N.D. Cal. 2018). *But see Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747 (N.D. Cal. 2021) (concluding that the third-party exception is irreconcilable with *Clemens*). Under this exception, plaintiffs may bring implied warranty claims in the absence of privity if the plaintiff shows that she was a beneficiary to a contract between the defendant and a third party. *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d at 922–23 (citing *In re NVIDIA GPU Litig.*, No. 08-CV-04312-JW, 2009 WL 4020104, at *6 (N.D. Cal. Nov. 19, 2009)). "Because third party beneficiary status is a matter of contract interpretation, a person seeking to enforce a contract as a third party beneficiary must plead a contract which was made

---

[3] If Plaintiff brings claims for breach of both express and implied warranties in any future pleading, she shall plead each claim separately. *See Samaniego*, 2013 WL 12415765, at *2.

9

expressly for his [or her] benefit and one in which it clearly appears that he [or she] was a beneficiary." *Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 957 (2005) (alterations in original) (internal quotation marks and citation omitted).

Regardless of whether the Court applies the third-party beneficiary exception, Plaintiff's allegations are insufficient to state a claim. Plaintiff fails to plead privity with HERC because she alleges that her employer, Sonoma Raceways, rented the vehicle from HERC; she did not rent it herself. ECF No. 1-2 ¶¶ 4, 7. She also fails to plead the existence of a contract between HERC and a third party for her benefit. As a result, Plaintiff has not stated a plausible claim for breach of implied warranty.

### 4. Negligence

Finally, Plaintiff asserts a general negligence claim against HERC. Negligence requires that (1) the defendant owed the plaintiff a legal duty; (2) the defendant breached the duty; and (3) the breach proximately or legally caused (4) the plaintiff's damages or injuries. *Thomas v. Stenberg*, 206 Cal. App. 4th 654, 662 (2012) (citing *Ann M. v. Pacific Plaza Shopping Ctr.*, 6 Cal.4th 666, 673 (1993)).

Plaintiff's general negligence claim is insufficiently pleaded for the same reason as her negligence—products liability claim: she pleads broad legal conclusions and alleges almost no facts to support them. Her complaint lacks "any indication of *how* [HERC] failed to exercise ordinary care or *how* [HERC] was negligent" in its safety procedures. *Top Trade v. Grocery Outlet*, No. 217CV08467SVWMRW, 2018 WL 6038292, at *2 (C.D. Cal. Feb. 22, 2018) (emphasis in original). She offers "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). These allegations therefore fail to establish a plausible claim for relief.

In sum, Plaintiff has adequately stated a claim for strict products liability under a design-defect theory. Her remaining claims are dismissed. When a complaint is dismissed for failure to state a claim, leave to amend should be granted "unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The Court will grant leave to

amend.

## CONCLUSION

For the foregoing reasons, Defendant HERC Rentals, Inc.'s motion to dismiss, ECF No. 12, is denied as to Plaintiff's strict products liability claim based on design defect. The motion is granted as to all other claims. Within 21 days from this order, Plaintiff may file an amended complaint solely to cure the deficiencies identified in this order. If Plaintiff does not file an amended complaint, the case will proceed solely as to strict products liability—design defect.

**IT IS SO ORDERED.**

Dated: June 11, 2024



_____
JON S. TIGAR
United States District Judge