UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MCGILL,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No. 24-cv-01084-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 32 |

Before the Court is Defendant Ford Motor Company's ("Ford") motion to dismiss Plaintiff Erica McGill's first amended complaint ("FAC") in part. ECF No. 32. The Court will grant the motion.

I.    **BACKGROUND**[1]

Plaintiff is an employee of Sonoma Raceway in Sonoma County, California. ECF No. 30 ¶ 14. As part of her duties, she operates an assigned vehicle "to patrol and/or drive around" the raceway. *Id.* Plaintiff was assigned to a Ford F-150 vehicle ("the subject vehicle") that Sonoma Raceway rented from Defendant HERC Rentals, Inc. ("HERC"). *Id.* ¶¶ 4, 13. Ford, headquartered in Michigan, had manufactured and sold the subject vehicle to HERC. *Id.* ¶¶ 3, 11–13. The subject vehicle was subject to Safety Recall 23S06 issued by Ford because it contained a "defect of [a] loose (extra) bolt inside the transmission" that "could prevent the transmission from achieving park by blocking the park pawl from engaging the park gear" and thus "result in unintended vehicle movement" despite being shifted to "Park." *Id.* ¶¶ 8–9, 12.

---

[1] The Court repeats parts of the background outlined in its June 11, 2024, Order (ECF No. 29), to reflect Plaintiff's amended factual allegations, as relevant to Ford's motion. For the purpose of resolving Ford's motion to dismiss, the Court accepts as true the allegations in the FAC, ECF No. 30. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

After receiving notice by Ford of Safety Recall 23S06, HERC "inspected the Ford vehicles it owned . . . in an attempt to fix the defect of the loose (extra) bolt" but "failed to properly inspect and fix the defect" in at least the subject vehicle. *Id.* ¶¶ 11–12. At the raceway on June 12, 2023, McGill placed the subject vehicle in park, exited the vehicle, and walked behind it. *Id.* ¶ 15. The subject vehicle then moved in reverse "on its own" and "ran Plaintiff's body over." *Id.* She suffered bodily injury and psychological and emotional trauma from the incident. *Id.* ¶ 16.

## II. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a).

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While this standard is not "akin to a 'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel*, 393 F.3d at 1072.

## IV. DISCUSSION

Ford moves to dismiss only Plaintiff's strict liability—design defect claim. It argues that

Plaintiff alleges only a manufacturing defect ("a loose (extra) bolt in the transmission") and that the rest of Plaintiff's allegations about the subject vehicle's design are bare legal conclusions that do not support a design defect claim. Plaintiff responds that she attempted to "plead her design defect theory with greater specificity by noting the nature of the design defect: having a loose bolt in the transmission, which by design would fail to engage the parking gear." ECF No. 38 at 6–7. While the Court found in its previous Order that Plaintiff sufficiently alleged a design defect in her initial complaint, the Court agrees with Ford that under the facts as now alleged in the FAC, Plaintiff does not adequately allege a plausible design defect claim.

"'A manufacturer may be held strictly liable for placing a defective product on the market if the plaintiff's injury results from a reasonably foreseeable use of the product.'" *Pooshs v. Philip Morris USA, Inc.*, 904 F. Supp. 2d 1009, 1024 (N.D. Cal. 2012) (quoting *Saller v. Crown Cork & Seal Co.*, 187 Cal. App. 4th 1220, 1231 (2010)). Under California law, "[a] design defect . . . exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective." *McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1120 (2002) (citing *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 429 (1978)); *see also, e.g.*, *Troup v. Toyota Motor Corp.*, 545 Fed. App'x. 668, 669 (9th Cir. 2013) (citing *McCabe*). As part of a defective design claim, a plaintiff must make "a prima facie showing that the injury was proximately caused by the product's *design*." *Barker*, 20 Cal. 3d at 414 (emphasis added).

Here, Plaintiff has not sufficiently alleged that the *design* of the Subject Vehicle was "inherently defective." From the allegations of the FAC, it appears that the alleged defect—a "loose (extra) bolt" in the transmission—was unintentionally introduced only in some "affected vehicles" during the "transmission assembly process" by Ford, rather than as an inherent part of the design. *See* FAC ¶ 9. The FAC's other references to the subject vehicle's design state only that the subject vehicle was "designed . . . such that it had design and/or manufacturing defects and/or damage including but not limited to a loose (extra) bolt in the transmission," and that Ford "failed to implement a safer alternative." *See* FAC ¶¶ 27, 35. These allegations are too conclusory and bare to support Plaintiff's claim. As Ford points out, the FAC currently does not

1  allege anywhere that "the 'loose bolt' is a feature of the design of the vehicle." ECF No. 39 at 4.[2]

2  Because the FAC "lacks the essential allegation that the design of [the Subject Vehicle] itself is

3  inherently defective," Plaintiff has not adequately stated a design defect claim. *See Ferrari v. Nat.*

4  *Partner, Inc.*, No. 15-CV-04787-LHK, 2017 WL 76905, at *5 (N.D. Cal. Jan. 9, 2017).

## CONCLUSION

For the foregoing reasons, Defendant Ford Motor Company's motion to dismiss Plaintiff's strict products liability claim based on design defect, ECF No. 32, is granted. Within 21 days from this order, Plaintiff may file a second amended complaint solely to cure the deficiencies identified in this order. If Plaintiff does not file a second amended complaint, the case will proceed solely as to the other claims alleged in the FAC—exclusive of the strict products liability claim based on design defect.

**IT IS SO ORDERED.**

Dated: November 4, 2024

JON S. TIGAR
United States District Judge

---

[2] Plaintiff is correct that she could amend her complaint such that it explicitly alleges the design defect claim "as an alternative set of facts and an alternative legal theory" against Ford. ECF No. 38 at 7. But under the facts as alleged in the FAC, Plaintiff has not adequately alleged an alternative legal theory for a design defect claim so as to provide Ford notice of the nature of her claim.

4