UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MCGILL,<br><br>        Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>        Defendants. | Case No. 24-cv-01084-JST   (LJC)<br><br>**ORDER RESOLVING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 60 |

This case concerns a dispute over whether an injury involving a 2022 Ford F-150 truck was caused by a transmission defect or user error. Plaintiff Erica McGill wishes to depose Defendant Ford Motor Company's employee Aram Sherman. McGill contends, and Ford does not appear to dispute, that Sherman is knowledgeable about a recall of other 2022 and 2023 F-150s (but not the particular truck at issue) for transmission problems. Another Ford witness testifying pursuant to Rule 30(b)(6), Matthew Fyie, also stated that he consulted with Sherman to obtain records regarding a transmission test failure and reassembly of the particular F-150 at issue in this case during its manufacture.

Ford argues that Rule 602 of the Federal Rules of Evidence limits admissible testimony to a witness's personal knowledge. According to Ford, Sherman does not have personal knowledge of the specific truck at issue, instead having consulted records at Fyie's request. To the extent the recall may be relevant, Ford asserts that it has agreed to produce another Rule 30(b)(6) witness to address that issue, so Sherman's testimony "would not only be irrelevant and cumulative, but also unfairly burdensome and harassing." ECF No. 60 at 5.

By default, a party taking discovery chooses who they will depose, at least within Rule 30(a)(2)(A)(i)'s presumptive limit of ten depositions per party. Rule 30(a)(1) of the Federal Rules

of Civil Procedure provides that a party may "depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). None of the exceptions in Rule 30(a)(2) apply here.

Though not addressed by the parties, Ford must therefore fall back on Rule 26(c), which allows a party opposing discovery to move for a protective order and provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking to prevent a deposition bears a "heavy burden" of "showing specific prejudice or harm will result if no protective order is granted." *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11–6121 CW, 2013 WL 3884254, at *1 (N.D. Cal. July 26, 2013) (citations omitted). Ford's conclusory assertions that Sherman's testimony may not be admissible at trial or may be duplicative of a yet-to-be-deposed Rule 30(b)(6) witness do not meet that burden. Rule 30(b)(6)'s procedure for a deposition of a corporate designee was intended to "*supplement*[] the existing practice whereby the examining party designates the corporate official to be deposed," not to displace it. Fed. R. Civ. P. 30, advisory committee notes to 1970 amendment (emphasis added).

Ford relies entirely on Rule 602's limitation on *admissible* testimony and a case applying that rule. "Information . . . need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Ford cites no authority preventing a plaintiff from deposing an employee of their choice, and the Court is not aware of authority imposing such limits under comparable circumstances.

Ford is therefore ORDERED to produce Sherman for a deposition. This Order resolves ECF No. 60.

**IT IS SO ORDERED.**

Dated: November 12, 2025

LISA J. CISNEROS
United States Magistrate Judge